**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,
Plaintiff-Respondent,

v.

BLAKE HANKINS STOVER,
Defendant-Movant,

Case No. CR-00-155-M
(CIV-04-646-M)

**ORDER**

On May 24, 2004, Defendant-Movant ("Stover") filed a "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" May 24, 2004. On October 8, 2004, the Plaintiff-Respondent United States of America filed its response. This matter has been fully briefed and is now ripe for adjudication.

I. INTRODUCTION

On October 18, 2000, a grand jury returned an Indictment charging Stover and other individuals with various drug offenses. Specifically, Count 1 charged Stover with conspiracy to manufacture, to possess with intent to distribute and to distribute in excess of 50 grams of methamphetamine, in excess of 500 grams of a mixture or substance containing a detectable amount of methamphetamine and in excess of 5 kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846; Counts 2 and 7 charged Stover with knowingly using a firearm in relation to a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A); Count 3 charged Stover with maintaining a place for the purpose of distributing and using controlled substances, in violation of 21 U.S.C. § 856(a)(1); Counts 4 and 10 charged Stover with managing or controlling buildings, as an owner, and knowingly and intentionally renting, leasing and making them available for use for the purpose of unlawfully manufacturing, storing, distributing and using

a controlled substance, in violation of 21 U.S.C. § 856(a)(2); Counts 8 and 11 charged Stover with knowingly and intentionally manufacturing in excess of five grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Counts 9 and 13 charged Stover with knowingly and intentionally possessing equipment that could be used to manufacture a controlled substance knowing, intending and having reasonable cause to believe that the equipment would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2; and Count 12 charged Stover with knowingly and intentionally possessing listed chemicals, in violation of 21 U.S.C. § 841(d)(2) and 18 U.S.C. § 2.  On November 28, 2000, the grand jury returned a Superseding Indictment setting forth the same charges and adding forfeiture allegations.

On December 21, 2000, this Court denied Stover's motion to suppress evidence obtained from the execution of a search warrant.  A jury trial commenced on January 12, 2001, and on February 1, 2001, the jury found Stover guilty on Counts 1-4, 7, 8, and 10-13 of the Superseding Indictment.  On February 12, 2001, Stover filed a motion for judgment of acquittal, which this Court denied on April 3, 2001.  On July 2, 2001, a sentencing hearing was conducted.  After hearing evidence and ruling on Stover's objections to his Presentence Report, the Court sentenced Stover to life in prison as to Count 1; 60 months' imprisonment as to Count 2; 240 months' imprisonment as to Counts 3, 4, 10 and 12; 300 months' imprisonment as to Count 7; 480 months' imprisonment as to Counts 8 and 11; and 120 months' imprisonment as to Count 13, all sentences to run concurrently with the exception of the sentences imposed on Counts 2 and 7, which are to run consecutively to any other term of confinement.

Stover appealed his conviction and sentence to the Tenth Circuit Court of Appeals.  On appeal, Stover raised the following issues: (1) whether the sentence imposed was unconstitutional

under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and (2) whether the Court erred by including personal drug use amounts when calculating his guideline range under the United States Sentencing Guidelines. In an unpublished opinion, the Tenth Circuit affirmed Stover's sentence. *United States v. Stover*, 57 Fed. Appx. 351 (10th Cir. 2002).

## II. DISCUSSION

In support of the instant motion, Stover asserts that he received ineffective assistance of appellate counsel based upon counsel's failure to challenge the following in his direct appeal: (1) the sufficiency of the allegations in the Superseding Indictment, or, alternatively, the sufficiency of the evidence supporting his conviction on Count 1; (2) the trial court's jurisdiction because overt acts alleged in connection with Count 1 occurred outside of the limitations period; (3) the improper admission of co-conspirator hearsay statements; (4) the improper admission of evidence obtained from the search warrant; and (5) the sufficiency of the evidence supporting his conviction on Counts 2 and 7.

A defendant is generally barred from raising an issue in a § 2255 motion that was not raised on direct appeal, "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993) (citing *United States v. Frady*, 456 U.S. 152, 167- 68 (1982)). "[T]he courts must enforce [the procedural bar] . . . and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

An attorney's error can establish the cause necessary to overcome a procedural bar only if

the error amounts to constitutionally ineffective assistance of counsel. *Rogers v. United States*, 91 F.3d 1388, 1391 (10th Cir. 1996); *see also United States v. Lopez*, 100 F.3d 113 (10th Cir. 1996); *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995) (citing *Beaulieu v. United States*, 930 F.2d 805, 806-07 (10th Cir. 1991)).

To prevail on a claim of ineffective assistance of counsel, Stover must show (1) that his appellate counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668 (1984).  To show that his appellate counsel's performance was constitutionally deficient, i.e. fell below an objective standard of reasonableness, Stover "must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy." *Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998); *see also Strickland*, 466 U.S. 668.  To show that he was prejudiced by counsel's deficient performance, Stover "must demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different." *Moore*, 153 F.3d at 1096.

This Court is not required to address both components of the test if Stover makes an insufficient showing on one, and, thus, this court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

The *Strickland* standards for determining effectiveness of trial counsel also apply in assessing effectiveness of appellate counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).  "When a defendant alleges appellate counsel rendered ineffective assistance by failing to raise an issue on appeal," the merits of the omitted issue are examined. *United States v. Cook*, 45

F.3d 388, 392 (10th Cir. 1995). "If the omitted issue is without merit, counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'" *Id*. at 393 (quoting *United States v. Dixon*, 1F.3d 1080, 1083 n.5 (10th Cir. 1993)). The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. *Id*. at 394 (citations omitted). Appellate counsel is not ineffective for "winnowing out weaker arguments on appeal and focusing on those more likely to prevail." *Id*. (citations omitted). In fact, "[t]he weeding out of weak claims to be raised on appeal is the hallmark of effective advocacy." *Id*. (citations omitted). Rather, appellate counsel's performance is deficient when a "dead-bang" winner is omitted from the appeal. *Id*. at 395.

Stover bears the burden of identifying specific acts or omissions of counsel which were not "the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Conclusory allegations of ineffective assistance are insufficient. *United States v. Fisher*, 38 F.3d 1144, 1147. (10th Cir. 1994).

A. Failure to challenge the superseding indictment/Evidence at trial insufficient regarding conspiracy

Stover asserts that the Superseding Indictment did not allege a single conspiracy and that his appellate counsel was ineffective for failing to challenge the Superseding Indictment on direct appeal. Specifically, Stover asserts that the allegations as to Count 1 do not establish the necessary interdependence between the co-conspirators. Alternatively, Stover asserts that the evidence presented at trial was insufficient to establish the element of interdependence.

Having reviewed the parties' submissions and the record in this case, the Court finds that the allegations in the Superseding Indictment regarding the interdependence of co-conspirators and the evidence of Stover's guilt on Count 1 that was presented during the trial are sufficient. Further, the Court finds that Stover's arguments on this point are conclusory in nature and therefore insufficient

to support a finding of ineffective assistance of appellate counsel.

Accordingly, the Court finds that Stover has failed to show that this issue would have been a "dead-bang" winner and, therefore, to show that his appellate counsel was ineffective for weeding it out. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) ("The weeding out of weak claims to be raised on appeal is the hallmark of effective advocacy.").

B.  Failure to challenge trial court's jurisdiction

"It is well established that, where an overt act is required for a conspiracy, the statute of limitations on a continuing conspiracy does not begin to run until the last overt act in furtherance of the conspiracy is committed." *United States v. Jaynes*, 75 F.3d 1493, 1505 (10th Cir. 1996). Stover asserts that this rule does not apply in this case because the overt acts occurring more than five years prior to the date the Superseding Indictment was filed have no connection to the overt acts alleged to have occurred within the same five year period. However, Stover provides little proof, beyond his conclusory allegation.

In support of this assertion, Stover relies on the fact that Larry Dean Ketchum was an accomplice to criminal activity committed by Stover, but that such conduct did not involve anyone else and did not relate to any other activity, and the fact that Mr. Ketchum had multiple drug contacts of his own. Having reviewed the parties' submissions and the record in this case, the Court finds that the foregoing is insufficient to establish that this argument was a "dead-bang" winner. Several other witnesses testified regarding overt acts which occurred outside of the five year period preceding the filing of the Superseding Indictment during Stover's trial, including Gary Todd Cooksey, whom Stover refers to as the Government's star witness. Stover makes no attempt to show that any of these overt acts were disconnected from the overt acts occurring within the limitations

period.

In light of the foregoing, the Court finds that Stover has failed to satisfy his burden of showing that his appellate counsel was ineffective because he did not raise this issue in his direct appeal.

C. Failure to challenge improper admission of co-conspirator hearsay statements

Stover asserts that several statements made during the course of the trial by Tiffany Cooksey, Gary Todd Cooksey, Robert Lee Johnson, Shannon Struck, Sammy Moore, John Treat, and Steve Thompson were improperly admitted because they were narrative statements and not made in furtherance of the conspiracy. Stover asserts that the admission of these statements prejudiced him because they allowed the Government to build a case on evidence that should never have been admitted.

There is "no talismanic forumla for ascertaining when a co-conspirator's statements are 'in furtherance' of the conspiracy." *United States v. Reyes*, 798 F.2d 380, 384 (10th Cir. 1986). It is sufficient, however, if they "promote the conspiratorial objectives." *Id*. Examples of statements which are "in furtherance" of a conspiracy include: statements identifying other members of the conspiracy or their roles, *United States v. Owens*, 70 F.3d 1118, 1125-26 (10th Cir. 1995); "statements of future intent that set transactions integral to the conspiracy in motion and maintain the information flow among coconspirators," *United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993); and "[s]tatements made to induce enlistment or further participation in the group's activities ... to prompt further action on the part of conspirators ... to 'reassure' members of a conspiracy's continued existence ... to allay a coconspirator's fears ... [or] to keep coconspirators abreast of an ongoing conspiracy's activities satisfy the 'in furtherance' of requirement." *United States v. Roberts*,

14 F.3d 502, 514 (10th Cir. 1993) (internal citations and quotations omitted). In general, mere narrative discussions between co-conspirators or narratives of past events are not statements "in furtherance" of a conspiracy. *Id*.

First, the Court would note that many of the statements identified by Stover are not hearsay at all. For example, Stover identifies Mr. Johnson's testimony that Stover gave him $300 to manufacture methamphetamine. The remaining statements, such as Tiffany Cooksey's statement that Gary Todd Cooksey told her that he was getting methamphetamine from Stover and John Treat's testimony that James Lee Shaw talked with him about arranging a place to cook methamphetamine, are clear examples of statements made "in furtherance" of a conspiracy.

Having considered the parties' submissions, and in light of the foregoing, the Court finds that Stover has failed to satisfy his burden of showing that his appellate counsel was ineffective for failing to challenge the admission of certain co-conspirator statements on appeal. Additionally, the Court finds that, even if Stover could show that these statements were improperly admitted, Stover has failed to demonstrate how the admission of these statements prejudiced his ability to receive a fair trial.

D. Failure to challenge admission of evidence obtained during unlawful search of Stover's home

Stover asserts that his appellate counsel was ineffective for failing to challenge the admissability of the evidence obtained as a result of a search of his home pursuant to a search warrant. Specifically, Stover contends that the search warrant was not supported by probable cause. This issue was raised by Stover's trial counsel in a pre-trial motion to suppress, and this Court found that there was probable cause to support the search warrant at issue.

Having considered the parties's submissions and having reviewed the record in this case, the


Court finds that the search warrant was supported by probable cause. Accordingly, the Court finds that Stover has failed to establish that this argument was a "dead bang" winner and that, therefore, Stover has failed to satisfy his burden of establishing that his appellate counsel was ineffective for failing to raise this challenge in his direct appeal.

E. Failure to challenge sufficiency of evidence supporting Stover's conviction under 18 U.S.C. § 924(c)(1)

Stover asserts that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence sustaining Stover's conviction under Counts 2 and 7 pursuant to 18 U.S.C. 924(c)(1). Specifically, Stover asserts that the evidence presented at trial merely demonstrated that he "possessed" a gun but not that he "used" a gun in connectin with a drug offense.

Stover raised this argument after his trial in a motion for acquittal. This Court found that the evidence presented at trial was sufficient to support the jury's finding of guilty on Counts 2 and 7. Having reviewed the parties' submissions and the record in this case, the Court finds no reason to disturb its previous finding because the evidence was sufficient to support the jury's finding of guilt on Counts 2 and 7. As such, the Court finds that Stover has not shown either that this argument is a "dead bang" winner, or that his appellate counsel was ineffective for failing to raise it in his direct appeal.

F. Evidentiary hearing

As set forth above, Stover's motion does not set forth a basis for relief. Because that conclusion is conclusively shown from the record and from the nature of Stover's claims, the Court finds that no evidentiary hearing is required on this petition. *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

## III. CONCLUSION

For the reasons set forth in detail above, the Court hereby DENIES Defendant-Movant's "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody".

**IT IS SO ORDERED this 16th day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE